UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Karl F. Bohl</u>

    v.                                            Civil No. 12-cv-357

<u>Kelly Services, Inc.
and Freudenberg Nok
General Partnership</u>

**<u>PROCEDURAL ORDER</u>**

Plaintiff Karl F. Bohl commenced this action against defendants Kelly Services, Inc. and Freudenberg NOK General Partnership in Merrimack County Superior Court, alleging state-law claims of wrongful termination, intentional interference with contractual relations, and violation of N.H. Rev. Stat. Ann. § 275-E:2.  With Freudenberg's consent, Kelly Services removed the case to this court, <u>see</u> 28 U.S.C. § 1441, invoking its diversity jurisdiction, <u>see</u> <u>id.</u> 28 U.S.C. § 1332(a)(1).  The notice of removal states that (1) Bohl is a citizen of New Hampshire, (2) Kelly Services is a Delaware corporation with its principal place of business in Michigan, and (3) echoing the allegations of the complaint, "Freudenberg NOK General Partnership is a corporation incorporated in the State of Delaware with its principal place of business in . . . Michigan."

A partnership, however, is not a corporation, and the two types of entities are treated differently for purposes of diversity jurisdiction.  While a corporation has the citizenship of its state of incorporation and principal place of business,

id. § 1332(c)(1), a partnership has the citizenship of each of its general and limited partners, Carden v. Arkoma Associates, 494 U.S. 185 (1990).  The notice of removal says nothing about the citizenship of any of Freudenberg's partners and, as a result, fails to show diversity jurisdiction.  See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011).  Indeed, if any one of Freudenberg's partners is, like Bohl, a citizen of New Hampshire, then the parties will be deemed citizens of the same state, and the court will lack diversity jurisdiction.

Accordingly, at the upcoming preliminary pretrial conference, counsel for the defendants--who, having removed the case to this court, bear the burden of demonstrating its subject-matter jurisdiction, see, e.g., Pruell v. Caritas Christi, 645 F.3d 81, 84 (1st Cir. 2001)--shall be prepared to proffer the identity and citizenship of each of Fruedenberg's general and limited partners.  See D.B. Zwirn, 661 F.3d at 125-27.  In determining the place of citizenship of Freudenberg's partners, counsel are reminded that, if any of those partners are themselves partnerships, limited liability companies, or other unincorporated entities, then the citizenship of each of the partners or members of each of those entities must also be determined.  See id. at 126-27.  The defendants shall file an affidavit or affidavits setting forth these jurisdictional facts

within 10 days of the conference.  Failure to comply with this order will result in remand of the case to the Superior Court failure to show subject-matter jurisdiction.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  November 9, 2012

cc:   Lauren S. Irwin, Esq.
      Rick J. Patterson, Esq.
      Steven M. Potter, Esq.
      Jeffrey S. Siegel, Esq.
      Mark T. Broth, Esq.